**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ERNESTO PATACSIL and MARILYN EMBRY PATACSIL<br><br>Debtor. | Case No. 20-23457-A-7 |
| JOSEPH CABARDO et al.,<br><br>Plaintiffs,<br><br>V.<br><br>ERNESTO PATACSIL et al.,<br><br>Defendants. | Adv. No. 20-02167-A<br><br>FEC-1 |

**MEMORANDUM**
**(Motion in Limine to Exclude Non-Percipient Witnesses)**

Motion must state with particularity the relief sought. Fed. R. Civ. P. 7007(b)(1)(C). Defendants have lodged the direct written testimony of eight witnesses. By motion in limine, plaintiffs seek to exclude the testimony of witnesses that lack personal knowledge, Fed. R. Evid. 602. But they have not specified which of the declarations and/or other evidence to which they object. Should the court grant the motion?

**I.  FACTS**

Prior to the matters that are now before this court eight former employees, acting under the Private Attorney General Act of 2004, brought an action against the defendants in District Court for wage and hours violations arising from their employment. The plaintiff employees prevailed at trial and the District Court awarded them damages of $893,815 and attorneys' fees of $1,077,218.

Defendants then filed a Chapter 7 bankruptcy.

Plaintiff employees and their attorneys in the underlying action filed this adversary proceeding to except the judgment from discharge. 11 U.S.C. § 523(a)(6),(a)(7).

**II.  PROCEDURE**

Plaintiffs have filed a motion in limine to exclude "all evidence, reference to evidence, testimony or argument related to testimony or declarations of non-percipient witnesses." Mot. in Limine to Exclude Non-Percipient Witnesses 2:2-4, ECF No. 104. Defendants oppose the motion. Opp'n, ECF No. 141. Oral argument will not be helpful. LBR 9014-1(h); *Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971).

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b);

see also General Order No. 182 of the Eastern District of California. Jurisdiction is core. 28 U.S.C. § 157(b)(2)(I); *Carpenters Pension Trust Fund for Northern Calif. v. Moxley*, 734 F.3d 864, 868 (9th 2013); *In re Kennedy*, 108 F.3d 1015, 1017 (9th Cir. 1997). Plaintiffs do not consent to the entry of final orders and judgments by this court; defendants do so consent. 28 U.S.C. § 157(b)(3); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1945-46 (2015). Scheduling Order § 2.0, ECF No. 13.

**IV. LAW**

Motions in limine should be granted cautiously.

> A motion in limine is a request for the court's guidance concerning an evidentiary question. Judges have broad discretion when ruling on motions in limine. However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds*. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.

*Hays v. Clark County Nev.*, 2008 WL 2372295 *7 (NV 2008) (internal citations and quotation marks omitted) (emphasis added).

**V. DISCUSSION**

An action to except a debt from discharge has three elements: (1) a debt, *In re Dobos*, 303 B.R. 31, 39 (9th Cir. BAP 2019); *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 n. 3 (9th Cir. 2015) (existence of a debt determined by state law); (2) at least one of the enumerated exceptions of § 523(a), i.e., 11 U.S.C. § 523(a)(6),(a)(7); and (3) an amount of damages. *Dobos*, 303 B.R. at 39. Affirmative defenses exist. *E.g.*, Fed. R. Bankr. P. 4007 (time limitations).

Motions must state with particularity the grounds on which the

motion is made, and the relief sought.

> (b)(1) In General. A request for a court order must be made by motion. The motion must:
>
> (A) be in writing unless made during a hearing or trial;
>
> (B) *state with particularity the grounds for seeking the order*; and
>
> (C) *state the relief sought*.

Fed. R. Civ. P. 7, incorporated by Fed. R. Civ. P. 7007 (emphasis added); see also, Fed. R. Bankr. P. 9013; LBR 9014-1(d)(3)(A).

"The particularity requirement gives notice to the court and the opposing party, providing the opposing party "a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008), quoting *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir. 2003).

Prior to trial the court ordered the parties to submit direct testimony by written submission and to lodge documentary evidence to be offered at trial. Am. Pretrial Order §§ 1.0, 4.0, 5.0, ECF No. 95. Defendants did so, offering eight declarations and ten exhibits. Notwithstanding receipt of this evidence the motion in limine does not "state with particularity" the exhibits or the testimony to which the plaintiffs object. The best articulation of the objectionable evidence is the "testimony of non-percipient witnesses." Mot. to Exclude 3:14-17, ECF No. 104. Defendants complain that they cannot ascertain to which declarations and/or exhibits the plaintiffs object. Opp'n 1:25-26 (plaintiffs "never specifically...[ask] what exactly they are asking the Court to exclude"), 2:4-5, 2:12-14. Nor can the court. Except for experts, only witnesses with personal knowledge may offer testimony. Fed. R. Evid. 602. The problem is: it is unclear

which of the defendants' witnesses the plaintiff's contend lack personal knowledge of facts pertaining to the existence of a debt, the applicability of § 523(a)(6) (willful and malicious) or § 523(a)(7) (fine payable for the benefit of a governmental unit), and/or the amount of damages.  Without such an articulation, neither the defendants, nor this court, have a principled way to rule on such an objection.

**VI. CONCLUSION**

    For each of these reasons, the motion in limine to exclude testimony and other evidence of non-percipient witnesses is denied. An order will issue from chambers.

Dated: February 13, 2023

_____
Fredrick E. Clement
United States Bankruptcy Judge

5

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked \_\_\_\_, via the U.S. mail.

| **Attorneys for the Plaintiff**(s) | **Attorneys for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |