**POSTED ON WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>ERNESTO PATACSIL and MARILYN EMBRY PATACSIL<br><br>        Debtor. | Case No. 20-23457-A-7 |
| JOSEPH CABARDO et al.,<br>        Plaintiffs,<br>   v.<br>ERNESTO PATACSIL et al.,<br>        Defendants. | Adv. No. 20-02167-A<br><br>FEC-1 |

**MEMORANDUM**
**(Request for Judicial Notice)**

A court may take judicial notice of the "documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Plaintiffs seek judicial notice of numerous filings in a related District Court action and unspecified "facts contained in these documents." May the court do so?

**I.   FACTS**

Prior to the matters that are now before this court, eight former employees, acting under the Private Attorney General Act of 2004, brought an action against the defendants in District Court for wage and hours violations arising from their employment. *Cabardo v. Patacsil*, No. 2:12-cv-01705 (E.D. CA 2012) (the "District Court action"). The plaintiff employees prevailed at trial and the District Court awarded them damages of $893,815 and attorneys' fees of $1,077,218.

Defendants then filed a Chapter 7 bankruptcy.

Plaintiff employees and their attorneys in the underlying action filed this adversary proceeding to except the judgment from discharge. 11 U.S.C. § 523(a)(6),(a)(7).

**II.  PROCEDURE**

Plaintiffs request that the court to take judicial notice of the following documents and "the facts contained in these documents" in the District Court action: (1) judgment, Ex. B; (2) order granting in part plaintiff's motion for attorneys' fees, Ex. C; (3) eight verdict forms, Ex. K-R (one for each plaintiff); (4) Findings of Fact and Conclusions of Law, Ex. U. The plaintiff's also request that the court take judicial notice of a decision by the United States Tax

Court pertaining to the defendants. Memorandum, *Patacsil v. Commissioner of the Internal Revenue Service*, Docket No. 28715-154 (Tax Court 2017). Request for Judicial Notice 2:20-3:14, ECF No. 118.

Defendants concede that the court may take judicial notice of the documents but contend that the court may not take "judicial notice of the truth of the matters stated within those findings." Opp'n 2:24-28, ECF No. 138.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. Jurisdiction is core. 28 U.S.C. § 157(b)(2)(I); *Carpenters Pension Trust Fund for Northern Calif. v. Moxley*, 734 F.3d 864, 868 (9th 2013); *In re Kennedy*, 108 F.3d 1015, 1017 (9th Cir. 1997). Plaintiffs do not consent to the entry of final orders and judgments by this court; defendants do so consent. 28 U.S.C. § 157(b)(3); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1945-46 (2015). Scheduling Order § 2.0, ECF No. 13.

**IV. LAW**

    **A. Section 523**

An action to except a debt from discharge has three elements: (1) a debt, *In re Dobos*, 303 B.R. 31, 39 (9th Cir. BAP 2019); *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 n. 3 (9th Cir. 2015) (existence of a debt determined by state law); (2) at least one of the enumerated exceptions of § 523(a), i.e., 11 U.S.C. § 523(a)(6),(a)(7); and (3) an amount of damages. *Dobos*, 303 B.R. at 39. Affirmative defenses exist. *E.g.*, Fed. R. Bankr. P. 4007 (time limitations).

**B. Rule 201**

In some instances, the court make take judicial notice of particular matters.

> (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > (1) is generally known within the trial court's territorial jurisdiction; or
> >
> > (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(a)-(b).

Rule 201 deals only with adjudicative, and not legislative facts. The difference is critical:

> Rule 201 governs only the judicial notice of "adjudicative facts." Fed.R.Evid. 201(a). The advisory committee notes to Rule 201 distinguish between "adjudicative facts" and "legislative facts." See id., adv. ctte. notes (citing 2 Kenneth Davis, Administrative Law Treatise at 353 (1958)). *Adjudicative facts are "facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses."* Id.; see also U.S. v. Gould, 536 F.2d 216, 219 (8th Cir.1976) (stating that *adjudicative facts concern "who did what, where, when, how and with what motive or intent."*) (quoting 2 Kenneth Davis, Administrative Law Treatise § 15.03 at 353 (1958)). By contrast, "[l]egislative facts do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties." Gould, 536 F.2d at 220.

*Qualley v. Clo-Tex Int'l, Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000) (emphasis added).

Adjudicative facts are a substitute for evidence that would otherwise be submitted to the trier of fact. *Wesley-Jessen Div. of Schering Corp. v. Bausch & Lomb Inc.*, 698 F.2d 862, 864 (7th Cir. 1983).

4

There are limitations as to those facts. Judicially noticed facts must be relevant. Fed. R. Evid. 402; *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir. 1981) (per curiam); *1-800-411-Pain Referral Service, LLC v. Otto*, 744 F.3d 1045, 1063, fn. 13 (8th Cir. 2014). The party seeking to admit the fact must law a proper foundation. *1-800-411-Pain Referral Service*, LLC, 744 F.3d at 1063, fn. 13. A fact, particularly one offered in the form of a document, must not contain inadmissible hearsay. *1-800-411-Pain Referral Service, LLC*, 744 F.3d at 1063, fn. 13; *Daniel v. Cook County*, 833 F.3d 728, 742 (7th 2016).

**V.  DISCUSSION**

Among the facts of which judicial notice may be taken are documents filed in a collateral federal or state case, e.g., judgments, orders and other submissions. *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 756, fn. 1 (9th Cir. 2014) (state court proceeding); *In re WorldCom, Inc.*, (2nd Cir. 2013) 708 F.3d 327, 339, fn. 63 (2nd 2013). Where the parties engaged in prior litigation that relates to the case now before the court judicial notice is frequently employed.

> Judicial notice is particularly appropriate for court records (including the court's own records) in prior litigation related to the case before it. [*Amphibious Partners, LLC v. Redman* (10th Cir. 2008) 534 F3d 1357, 1361-1362—district court entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties; *Panera, LLC v. Dobson* (8th Cir. 2021) 999 F3d 1154, 1157, fn. 1—judicial notice of proceedings in state court that related directly to matter at issue; *Fowler Packing Co., Inc. v. Lanier* (9th Cir. 2016) 844 F3d 809, 813, fn. 2—Ninth Circuit took judicial notice of fact that related case was filed in district court and of claim alleged; *Clark v. Stone* (6th Cir. 2021) 998 F3d 287, 297 & fn. 4—court may take judicial notice of proceedings of other courts of record....

5

1 | Robert E. Jones, *Federal Civil Trials and Evidence* § 8:875 (Rutter
2 | Group June 2022).

    Even so, the truth of the judicial record is not noticeable.

> A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." [*Kramer v. Time Warner Inc.* (2nd Cir. 1991) 937 F2d 767, 774; *Opoka v. I.N.S.* (7th Cir. 1996) 94 F3d 392, 395; *Taylor v. Charter Med. Corp.* (5th Cir. 1998) 162 F3d 827, 829-830]

*Federal Civil Trials and Evidence* at § 8:876 et seq.

    The line between permissible and impermissible use of another court's findings is difficult to draw.

> In all these cases involving notice of any aspect of court records or proceedings, *there is a difference between taking notice of the existence, content, and operative effect of any item and using the item as proof of whatever acts, events, or conditions in the world that the words in the item describe*—in short, making hearsay use of the item. The fact that a judgment exists, and that its effect is to create an obligation on the part of the defendant toward the plaintiff in a certain sum, is clearly appropriate for judicial notice, but underlying findings or conclusions (even those that are essential to a judgment), such as a finding that the defendant signed a promissory note in the sum awarded by the court, are not appropriate for judicial notice.

1 *Mueller & Kirkpatrick*, Federal Evidence § 2:5 (4th ed. July 2022).

    **A.   Judgment**

    Foundational facts have been laid.  That a judgment exists between the parties is relevant to the existence and amount of a debt by the defendants to the plaintiffs.  11 U.S.C. § 523(a) (requiring a "debt").  Any objection to the authenticity of the document has been waived.  Am. Pretrial Order §§ 1.0, 8.0, ECF No. 95 (setting deadline for evidentiary objections).  Finally, the judgment is not hearsay. Fed. R. Evid. 801(c); *U.S. v. Boulware*, 384 F.3d 794, 805-806 (9th 2004) ("A prior judgment is not hearsay, however, to the extent it is

offered as legally operative verbal conduct that determined the rights and duties of the parties"); *U.S. v. Sine*, 493 F.3d 1021, 1036 (9th 2007).

Judicial notice is proper to prove the existence of a debt, 11 U.S.C. § 523, between the parties. *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 86 n. 3 (2nd 2000); *Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 696 (7th Cir. 2009) (foreign judgment; *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-1362 (10th Cir. 2008); Mueller & Kirkpatrick, *Federal Evidence* at § 2:5.

As one commentator thoughtfully articulated the matter.

> Where the doctrines of res judicata, collateral estoppel, or claim or issue preclusion make the determinations in the first case binding in the second, a judgment in the first case is not only admissible in the second, but it is conclusive against the party as a matter of substantive law. Historically, the courts were often unwilling to admit judgments in previous cases if neither res judicata nor collateral estoppel applied under the theory they were hearsay.

2 *McCormick on Evidence* § 298 (8th July 2022).

As a result, the judgment and its contents are proper subjects of judicial notice because it is not reasonably subject to dispute and goes to the "existence, content, and operative effect" of the District Court's resolution of the dispute between the parties. *Federal Evidence* at § 2:5. As to the judgment, the request will be granted.

**B. Order Granting Attorney's Fees**

Foundational facts have been laid. The order is relevant to the existence and amount of a debt by the defendants to the plaintiffs. 11 U.S.C. § 523(a) (requiring a "debt"). Any objection to the authenticity of the document has been waived. Am. Pretrial Order §§ 1.0, 8.0, ECF No. 95 (setting deadline for evidentiary objections).

7

Finally, the order is not hearsay. Fed. R. Evid. 801(c); *Boulware*, 384 F.3d at 805-806 (9th 2004) (judgments not hearsay as "legally operative verbal conduct"); *Sine*, 493 F.3d at 1036.

Orders are properly subjects of judicial notice. "[A] court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994), citing *United States v. Garland*, 991 F.2d 328, 332 (6th Cir.1993) (citation omitted); *Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir. 1985); *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172–73 (10th Cir.1979).

As a result, the court will take judicial notice of the existence of an order awarding the plaintiff's attorney fees of $1,077,218.62 because it is not reasonably subject to dispute and goes to the "existence, content, and operative effect" of the District Court's resolution of the dispute between the parties. *Federal Evidence* at § 2:5. However, the District Court's findings therein do not enjoy the same admissibility. Circuit law is well-established that "findings of fact" contained within a memorandum decision are almost never proper subjects of judicial notice. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.. 2003) (overruled on other grounds by *Albino v. Baca*, 747 F.3d 1162, 1168-1169) (9th Cir. 2014). As to the order, the request will be granted in part and denied in part.

**C. Plaintiffs' Verdict Forms**

Federal courts may obtain jury verdicts in three ways:

[1] General verdict, whereby the jury decides all issues in

> favor of one party or the other; [2] Special verdict, whereby the jury makes factual findings from which the court draws legal conclusions and renders judgment based thereon; or [3] General verdict with answers to written questions, whereby, in addition to the verdict itself, the jury is asked to answer certain questions designed to test the validity of the verdict.

*Federal Civil Trials and Evidence* at § 18:1 (explaining Fed. R. Civ. P. 49) (citations omitted).

In resolving the dispute, the District Court employed the special verdict method of resolution, and the plaintiffs seek to judicial notice of those verdict. Exs. K-R.

Foundational facts have been laid. That verdict form is relevant as to the existence and amount of a debt by the defendants to the plaintiffs, 11 U.S.C. § 523(a) (requiring a "debt"), and as to the intent element, 11 U.S.C. § 523(a)(6) ("willful and malicious). Verdict No. 24 ("Was defendants' failure to pay federal overtime wages willful"). Any objection to the authenticity of the document has been waived. Am. Pretrial Order §§ 1.0, 8.0, ECF No. 95 (setting deadline for evidentiary objections). Finally, the verdict form itself is not hearsay. Fed. R. Evid. 801(c); *U.S. v. Boulware*, 384 F.3d 794, 805-806 (9th 2004) ("A prior judgment is not hearsay, however, to the extent it is offered as legally operative verbal conduct that determined the rights and duties of the parties"); *U.S. v. Sine*, 493 F.3d 1021, 1036 (9th 2007).

The plaintiffs' request for judicial notice breaks neatly into two parts. First, whether the court may take judicial notice of the existence of a special verdict in the District Court's records. Such a fact is a proper subject of judicial notice. *United States v. Ross*, 771 Fed.Appx. 345, 348 n. 1 (9th Cir. 2019); *Evanston Ins. Co. v. Windstar Properties, Inc.*, 857 Fed.Appx. 387, 388 n. 2 (9th Cir.

2021). Similarly, the ancillary legally operative facts that the plaintiffs and defendants litigated to conclusion the issue of the defendants' violation of wage and overtime laws and that the plaintiffs prevailed in that action. *Murphy v. Kmart Corp.*, 2010 WL 3703708 * 3 (D. S.D. 2010) ("Rule 201 allow the court to take judicial notice of the *existence* of the ...special verdict forms") (emphasis original).

Second, whether the court may take judicial notice of the contents of those special verdict forms. Those facts are not properly the subject of judicial notice. Fed. R. Evid. 801-802 (hearsay); *United States v. Collier*, 68 Fed. Appx. 676, 683 (6th Cir.2003); *Taylor v. Washington Metro. Area Transit Auth.*, 922 F.Supp. 665, 675–76 (D.D.C. 1996). As one court thoughtfully observed:

> Importantly, "[a] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' " Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992) (finding district court erred in taking judicial notice of bankruptcy court order to establish facts asserted therein). "When offered to prove the facts stated, court records are hearsay; hence, they would be admissible as evidence only if they satisfied some hearsay exception such as the official records exception .... [A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence." (citation omitted).
>
> Rule 201 allows the court to take judicial notice of the existence of the Hawkins special verdict forms. The fact that Kmart was a defendant in another age discrimination lawsuit is not subject to reasonable dispute. The fact that a jury entered a verdict in favor of Mr. Hawkins against Kmart is not subject to reasonable dispute. These are legally operative facts. *However, the findings of fact upon which the Hawkins verdict is based do not satisfy Rule 201(b)—the jury's findings are not generally known to the public, nor are they so indisputable that their accuracy cannot reasonably be questioned...*

Murphy at * 3 (emphasis added).

For these reasons, the court will take judicial notice of existence of the verdict forms, that the parties previously litigated questions of the defendants' compliance with applicable state labor laws and that the plaintiffs prevailed on those questions.  The court will decline to take judicial notice of all other purported facts in the special verdict.

### D.　Findings of Fact and Conclusions of Law

Plaintiffs seek to admit the District Court's findings of fact and conclusions of law.

Foundational facts have been laid.  That "Findings of Fact and Conclusions of Law" rendered by the District Court is relevant as to the existence and amount of a debt by the defendants to the plaintiffs, 11 U.S.C. § 523(a) (requiring a "debt"), and as to the intent element, 11 U.S.C. § 523(a)(6) ("willful and malicious).  Findings of Fact pp. 8-14 (civil penalties based on willful conduct).  Any objection to the authenticity of the document has been waived.  Am. Pretrial Order §§ 1.0, 8.0, ECF No. 95 (setting deadline for evidentiary objections).  Finally, the Findings of Fact and Conclusions of Law itself is not hearsay.  Fed. R. Evid. 801(c); *U.S. v. Boulware*, 384 F.3d 794, 805-806 (9th 2004) ("A prior judgment is not hearsay, however, to the extent it is offered as legally operative verbal conduct that determined the rights and duties of the parties"); *U.S. v. Sine*, 493 F.3d 1021, 1036 (9th 2007).

The plaintiffs' request for judicial notice breaks neatly into two parts.  First, whether the court may take judicial notice of the existence of the "Findings of Fact and Conclusions of Law" in the District Court's records.  Such a fact is a proper subject of judicial notice.  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)

("Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.").

Second, whether the court may take judicial notice of the contents, e.g., findings of fact in that memorandum. Those facts are not properly the subject of judicial notice. Fed. R. Evid. 801-802 (hearsay); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled on other grounds by *Albino v. Baca*, 747 F.3d 1162, 1168-1169 (9th Cir. 2014).

For these reasons, the court will take judicial notice of existence of the "Findings of Fact and Conclusions of Law." The court will decline to take judicial notice of all findings therein.

**E.    Memorandum of the United States Tax Court**

Plaintiffs ask this court to take judicial notice of a 40-page memorandum of the United States Tax Court.

The court will not take judicial notice of the memorandum or of its contents. First, there has not been a showing of relevance. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." This is an action to except a debt from discharge. 11 U.S.C. § 523(a)(6),(7). The court is unable to comprehend how this document makes the existence of a "debt," 11 U.S.C. § 523(a)(6),(a)(7) more or less probable. And the plaintiffs have offered no argument as to this issue.

Second, even if it were relevant, it runs afoul of the prohibition against taking judicial notice of findings of fact by

other tribunals.  Fed. R. Evid. 801-802 (hearsay); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (overruled on other grounds by *Albino v. Baca*, 747 F.3d 1162, 1168-1169 (9th Cir. 2014).  For these reasons, the court declines to take judicial notice of the memorandum from the United States Court or its contents.

**VI. CONCLUSION**

The request for judicial notice will be granted and denied as provided herein.  An order will issue from chambers.

Dated: February 28, 2023

_____
Fredrick E. Clement
United States Bankruptcy Judge

13

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| Attorneys for the Plaintiff(s) | Attorneys for the Defendant(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee** <br> Robert T. Matsui United States Courthouse <br> 501 I Street, Room 7-500 <br> Sacramento, CA  95814 |