**POSTED ON WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ERNESTO PATACSIL and MARILYN EMBRY PATACSIL<br><br>　　　　　Debtors. | Case No. 20-23457-A-7 |
| JOSEPH CABARDO et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>ERNESTO PATACSIL et al.,<br><br>　　　　　Defendants. | Adv. No. 20-02167-A |

**MEMORANDUM**
**(Plaintiffs' Evidentiary Objections, ECF No. 109)**

Is a computer-generated representation of the witness' name on an affidavit, even one initiated by the affiant, a signature?

## I. INTRODUCTION

Defendants Patacsils interpose 102 objections to the eight declarations offered by the plaintiffs as the written direct testimony. Am. Scheduling Order § 1.0, 8.0, ECF No. 95. Each of the declarations were signed electronically, e.g., DocuSign, rather than manually by cursive handwriting; from that the defendants argue that the declarations are unsigned and, therefore, are inadmissible. Plaintiffs admit the signatures were "written electronically," but contend that each declarant "used [his\her] finger to hand-draw [the] signature" and, therefore the document constitutes an originally signed document." Oppos. 2:15-19, ECF No. 148.

Oral argument will not be helpful. LBR 9014-1(h); *Morrow v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971).

## II. DISCUSSION

Sworn written testimony must be signed by the affiant.

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is *subscribed by him*, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

2

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746 (emphasis added).

Unsigned affidavits have no evidentiary value. *Sfakianos v. Shelby Cnty. Gov't*, 481 F. App'x 244, 245 (6th Cir. 2012); *Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir.2009).

That rule extends to affidavits that are not properly signed under 27 U.S.C. § 1746. As a rule, electronic signatures are not deemed sufficient execution under 28 U.S.C. § 1746. *Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 515-516 (6th Cir. 2022) (electronic signature); *In re Grimmett*, 2017 WL 2437231, *11 (Bankr. D. Idaho 2017); *In re Ruebling*, 2016 WL 6877796 *4 (Bankr. C.D. Ill. 2016). The Bankruptcy Court for the Eastern District of California has long followed this rule. *In re Mayfield*, 2016 WL 3958982 (Bankr. E.D. Cal. 2016) (declining to recognize Docu-Sign signatures); LBR 9017-1(a)(3) (written direct testimony may be by declaration "executed under penalty of perjury").

**A.　Local Rules Require the Existence of a Manual Wet Signature**

Local rules for the Bankuptcy Court for the Eastern District require affidavits to be signed. In the pertinent part, local rules provide:

> (c)　<u>Signatures Generally</u>. All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona. *Affidavits and certifications shall be signed by the person offering the evidentiary material contained in the document*. The name of the person signing the document shall be typed underneath the signature.

LBR 9004-1(c) (emphasis added).

The Eastern District of California has always required affiants to executed sworn testimony by a manually-created, wet signature. LBR 9004-1(c); *In re Mayfield*, 2016 WL 3958982 (Bankr. E.D. Cal. 2016).

In two instances, non-registered users of the court's electronic-filing system may confirm the existence of an extant wet signature on the original of the filed document by a computer-generated signature that is filed with the Clerk of the Court. And when that is authorized, the original wet signature need not be filed with the Clerk of the Court, unless the court requires it to be so filed. First, for a document signed by a non-registered user of the court's electronic filing system, the signatory may use a computer-generated signature, i.e., "/s/ Name" or a "software-generated electronic signature," if and only if an original wet signature is in the possession of the registered user of the electronic filing system at the time the document is filed. LBR 9004-1(c)(1)(B)(iii). The use of the computer-generated signature is a representation to the court that "an original signed copy of the document exists and is in the registered user's possession at the time of filing." LBR 9004-1(c)(1)(C))-(D). This exception is inapplicable here because the written direct testimony was not electronically filed with the court. Am. Pretrial Order § 4.1, ECF No. 95 (declarations were lodged for trial). Moreover, the plaintiffs have disclaimed reliance on this exception. Oppos. 2:15-19, ECF No. 148 ("[The signature] is neither an "/s/ Name" nor a software-generated electronic signature").

Second, an image of an extant wet signature, i.e., facsimile, scanned, or created in portable document format, may be offered to prove the existence of execution of the document.

Signature on Facsimile Documents and on Software-Generated

>     Documents. *For the purposes of this Rule, the image of an original manual signature appearing on a facsimile (fax) copy, or appearing in a software-generated copy such as a document created in the "portable document format" (PDF), filed pursuant to this Rule shall constitute an original signature for all court purposes...*

LBR 9004-1(c)-(d) (emphasis added).

Here, the plaintiffs make no contention that such an original signature exits; rather, than they contend that a DocuSign type signature is the original signature. Oppos. 2:15-19, ECF No. 148. It is not.

### B. Eastern District Case Law Construing LBR 9014-1(c) and Electronic Signatures

This issue has been litigated to conclusion against the plaintiffs. *In re Mayfield*, 2016 WL 3958982 (Bankr. E.D. Cal. 2016) (Bardwil, J.). There, the U.S. Trustee brought a motion for sanctions against an attorney for violating LBR 9014-1(c) because the petition, schedules, statements, and verifications were "executed" by way of DocuSign, rather than manual wet signatures. Debtor's counsel opposed, contending that the electronic signatures were "original signatures" signatures within the meaning of the rule. In support of his argument, he submitted the manually executed declaration of the debtor:

> [c]ounsel has had the debtor sign a declaration in which the debtor testifies he intended and expected the affixation he caused DocuSign to place on the documents by clicking the "Sign Here" button to be adopted and treated as his actual signature... The declaration bears the debtor's signature in cursive handwriting; it is dated a week after the UST requested Counsel produce copies of the debtor's original wet signatures.

The court phrased the issue, "whether the DocuSign affixation is a software-generated electronic signature for the purpose of Rule 9004-1(c)." The court granted the U.S. Trustee's motion and sanctioned

5

debtor's counsel.  In doing so, the court made several salient points. DocuSign type signatures are capable of manipulation or forgery and that manipulation is not readily discernable to opposing counsel or to the court.

> This brings the court to another important problem with Counsel's arguments: they do not address the ease with which a DocuSign affixation can be manipulated or forged. The UST asks what happens when a debtor denies signing a document and claims his spouse, child, or roommate had access to his computer and could have clicked on the "Sign Here" button. Counsel's response is telling: "[The declaration] alleviates any possibility that the Debtor did not actually sign the document himself. He has signed under penalty of perjury a Declaration stating that it was in fact him that signed the documents." Again, had the debtor simply signed the documents in his own handwriting, the declaration would have been unnecessary. The essential point is that an individual's handwritten signature is less easily forged than any form of software-generated electronic signature, and the presence of forgery is more easily detected and proven.

p. 2 (internal citations omitted).

The court specifically found that the word "manual," LBR 9014-1(d) excludes wholly electronic signatures:

> *Counsel relies on the court's use of the term "manual" in Rule 9004-1(d) as demonstrating the court's intent that "the image of an original manual signature" on a fax copy or PDF document includes not just the image of a signature made with a pen but also the image of a DocuSign affixation*. Citing three dictionary definitions, Counsel concludes "manual" means "done with the use of your own hands [and not] automatically"; he adds that the debtor used his own hand to click on the "Sign Here" button, as the debtor testified in his declaration. Counsel finds it important that DocuSign requires a separate "Sign Here" click for each signature rather than allowing one click to populate the signature lines on all the documents, which he claims would be an "automated process." *This distinction is strained at best, and here again, the argument would apply equally to a name typed on a signature line by the debtor using his own hands, one key at a time, which Counsel does not suggest would comply with the local rule*.

*Id.* (internal citations omitted) (emphasis added).

Finally, the court engaged in a thoughtful dissection of the statutory

6

1 framework of Rule 9014-1(c).

2     Counsel's analysis fails for another important reason: *the rule makes a distinction between an "originally signed document" and a "software-generated electronic signature."* Under Rule 9004-1(c)(1)(C), if a registered user files a document with a software-generated electronic signature of someone else, the filer certifies an originally signed document exists and is in the filer's possession. Under the rule, the "software-generated signature" must be something different from the document bearing the "original signature." Otherwise, it would not be separately identified in the local rule, and there would be no reason for the requirement that the filer retain possession of the "original signature" if that same document had already been scanned and electronically filed. If Counsel's position were correct, the rule would make no sense.

10 p. 3. (emphasis added).

11     Local Bankruptcy Rule 9014-1(c)-(d) does not authorize the use of DocuSign as a means of subscribing an affidavit. 28 U.S.C. § 1746. This district has always required the existence of a manual, wet signature. For documents electronically filed, the party may "/s/ Name" or a software-generated electronic signature, provided counsel already has in its possession a manually created wet signature.

17 **III. CONCLUSION**

18     For each of these reasons, the objection will be sustained as to each of the eight declarations offered by the plaintiffs. Am. Pretrial Order §§ 1.0, 4.1, ECF No. 95. Finding that the affidavits were not subscribed within the meaning of 28 U.S.C. § 1746, the court need not rule on the remainder of the defendants' objections. An order will issue from chambers.

Dated: February 28, 2023

_____
Fredrick E. Clement
United States Bankruptcy Judge

7

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Attorneys for the Plaintiff**(s) | **Attorneys for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |